UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. __24-8238-RMM_____

**UNITED STATES OF AMERICA**

v.

**PHILLIS JAVIER PICHARDO,**

_____Defendant_____/

FILED BY ____SP____ D.C.

May 22, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?     NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?    NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   NO

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   NO

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Brian D. Ralston
Assistant United States Attorney
Court ID No.: A5502727
500 S. Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Telephone: (561) 209-1068
Email: Brian.Ralston@usdoj.gov

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для
Southern District of Florida

| United States of America | ) |
| --- | --- |
| v. | ) |
| PHILLIS JAVIER PICHARDO | ) Case No. |
|  | ) 24-8238-RMM |
|  | ) |
|  | ) |
| Defendant(s) | ) |

FILED BY ____SP____ D.C.

**May 22, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  May 21, 2024  in the county of  Palm Beach  in the
Southern  District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 8 U.S.C. §§ 1326(a)(2), (b)(2) | Illegal Reentry into the United States by an Aggravated Felon |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Corey Clark, HSI
Printed name and title

Sworn and attested to me telephonically (via Facetime)
by the applicant in accordance with the requirements
of Fed. R. Crim. P. 4.1

Date: 5/22/24

_____
Judge's signature

City and state:  West Palm Beach, Florida    Ryon M. McCabe, United States Magistrate Judge
Printed name and title

## APPLICATION IN SUPPORT OF CRIMINAL COMPLAINT

Your affiant, Corey Clark, first being duly sworn, does hereby depose and state as follows:

1. I am a Special Agent with the Homeland Security Investigations ("HSI") of the United States Department of Homeland Security ("DHS") and have been since November 2019. I am assigned to the Assistant Special Agent in Charge, Office of Investigations in West Palm Beach, Florida. I have successfully completed the Criminal Investigator Training Program and the Homeland Security Investigator Special Agent Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. As a Special Agent with HSI, I have received training on immigration violations, document fraud, and the smuggling of contraband into the United States. I have also received specialized training regarding violations of statutes relating to Title 8 of the United States Code.

2. Prior to becoming a special agent, I served as a law enforcement officer in the City of Hallandale Beach, Florida, where I also conducted investigations including, but not limited to, controlled substance violations, along with acting in an undercover capacity to identify targets manufacturing and distributing illicit narcotics.

3. This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include everything I know about this investigation. Rather, I have included only those facts necessary to establish probable cause to believe that on or about May 21, 2024, Phillis Javier PICHARDO committed the offense of illegal reentry into the United States after deportation or removal by an aggravated felon, in violation of Title 8, United States Code, Sections 1326(a)(2) and (b)(2).

## PROBABLE CAUSE

4. On or about May 21, 2024, at approximately 12:20 AM, the Palm Beach County Sheriff's Office ("PBSO") received information from a concerned citizen regarding a group of possible undocumented citizens being dropped off by a vessel on the beach south of the Boynton Beach Inlet in Boynton Beach, Florida. The vessel departed the beach in an easterly direction of travel towards the Bahamas.

5. West Palm Beach Border Patrol Station (WES) Agents, PBSO, Boynton Beach Police Department (BBPD), Ocean Ridge Police Department (ORPD), and Homeland Security Investigations (HSI) was notified and responded. The PBSO Aviation Unit observed a group of individuals attempting to hide in a residential area in the vicinity of the initial sighting on the beach. WES Agents responded to the area and apprehended seven undocumented citizens.

6. At approximately 0300 hours, PBSO Deputies apprehended two additional undocumented citizens related to the landing. A total of nine undocumented citizens were apprehended. PICHARDO was one of nine undocumented citizens apprehended.

7. A search of law enforcement databases and biometrics revealed PICHARDO was ordered removed from the United States on or about April 7, 2012, and on or about March 19, 2024.

8. In addition to the above listed orders of removal, PICHARDO was convicted of the following offense:

   a. Conspiracy to Distribute and Possession with Intent to Distribute Heroin, Southern District of New York, 15-CR-0775-VM.

9. A review of U.S. Immigration databases found no record that PICHARDO had sought or received authorization from the Secretary of Homeland Security or his/her predecessor, nor the Attorney General of the United States, to re-enter the United States. PICHARDO was not in possession of any documents which would have authorized him to enter the United States legally.

WHEREFORE, based on the foregoing, your affiant respectfully submits that probable cause exists to charge Phillis PICHARDO with Illegal Reentry into the United States After Deportation for an Aggravated Felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
COREY CLARK
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Sworn and attested to me telephonically (via facetime) by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 on this 22 day of May 2024.

_____
HON. RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Phillis Javier Pichardo

**Case No**: 24-8238-RMM

Count #: 1

Illegal Reentry into the United States by an Aggravated Felon

8 U.S.C. §§ 1326(a)(1) and (b)(2)
* **Max. Term of Imprisonment:** 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment:** $100

***Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**